Cora ARRINGTON, Plaintiff-Appellant,

v.

William McDONALD, Robert Nill, Defendants-Appellees.

No. 85–1062.

United States Court of Appeals, Sixth Circuit.

Cause Argued June 12, 1986.

Decided Dec. 30, 1986.

Thomas M. Loeb (argued), Southfield, Mich., for plaintiff-appellant.

William L. Woodward, Asst. Corporation Counsel, Detroit, Mich., Harnetha Williams-Jarrett (argued), for defendants-appellees.

Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, Senior District Judge.*

KRUPANSKY, Circuit Judge.

Plaintiff-appellant Cora Arrington (Arrington) appealed the district court's entry of judgment pursuant to a jury verdict in favor of defendants-appellees William McDonald (McDonald) and Robert Nill (Nill) in this action initiated pursuant to 42 U.S.C. § 1983.

---

* Hon. David S. Porter, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Arrington's complaint alleged that defendants William McDonald (McDonald) and Robert Nill (Nill), two Detroit police officers, violated her fourth amendment rights when they arrested her without probable cause on April 2, 1981.

The operative facts are easily summarized. In the late afternoon of April 2, 1981, Arrington's son, Ellis Burton (Burton) was operating Arrington's 1974 Pontiac Grand Prix when he noticed that the vehicle's brakes were not functioning properly. Burton stopped the vehicle in front of an auto parts store, observed that the vehicle was leaking brake fluid, purchased one can of brake fluid, and returned to the vehicle. Arrington and Burton's girlfriend, JoAnn Rhodes (Rhodes) had remained seated in the passenger area of the vehicle.

Shortly after Burton returned with the brake fluid, McDonald and Nill came upon the scene in their police cruiser and observed that Arrington's vehicle was partially blocking the rush hour traffic. Burton was underneath the automobile when the officers approached him to investigate his predicament. As Burton stood up to respond to the officers' inquiries, McDonald observed that he had a revolver tucked in his waistband. Burton informed the officers that he did not have a permit to carry the revolver, whereupon he was arrested for carrying a concealed weapon.

After placing Burton into custody, Nill requested that Rhodes produce identification. In response to Nill's inquiry, Rhodes opened her purse, exposing a long-bladed pocket-knife. Rhodes was placed under arrest for violating a Detroit ordinance prohibiting an individual from carrying a knife with a blade that exceeded 3 inches in length on public streets or public places. Arrington was also taken into custody.

At trial, Arrington attempted to prove that she had been arrested without probable cause and for the improper purpose of verifying her identity. Arrington entered into evidence a copy of a preliminary complaint report (PCR) prepared by the arresting officers which stated that Arrington had been placed into custody to "determine her identity."

The officers admitted that they knew that it would have been improper to have placed Arrington into custody solely because she was unable to produce identification, but denied that they had arrested her for that purpose. Rather, the officers testified that they had probable cause to arrest Arrington for carrying a concealed weapon because Burton had informed them that Arrington was the owner of the revolver and had entrusted it to him to afford the three occupants collective protection during their journey.

Upon an instruction on probable cause and good faith immunity, the district court submitted the case to the jury. Pursuant to special interrogatories, the jury determined (1) that McDonald and Nill did not have probable cause to arrest Arrington; and (2) that McDonald and Nill were entitled to the defense of qualified immunity. The district court entered judgment for defendants and this timely appeal followed.

■ Upon reviewing the record in this case, this court concludes that the trial court erred in permitting the jury to determine if the defendants were entitled to qualified immunity. As this court recognized in *Donta v. Hooper*, 774 F.2d 716, 719 (6th Cir.1985), *petition for cert. filed* 54 U.S.L.W. 3632 (March 14, 1986) (No. 85–1519), the issue of a defendant's qualified immunity defense is "purely a legal question to be determined by the trial judge prior to trial."

■ Pursuant to the test articulated by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), a defendant may establish an entitlement to qualified immunity by "proving either that the law was not clearly established at the time of plaintiff's alleged injury, or, if the law was clearly established, that he neither knew or should have known of the relevant standard due to extraordinary circumstances." *Alexander v. Alexander*, 706 F.2d 751, 754 (6th Cir. 1983). In the present case, the defendants

could not have prevailed on a qualified immunity defense as a matter of law because they had admitted that they knew that it would have been illegal for them to place Arrington into custody solely for the purpose of determining her identity. Thus, if Arrington prevailed in proving her essential allegations that she was placed into custody solely for the purpose of ascertaining her identity, the qualified immunity defense advanced by defendants would be defeated. On the other hand, if Arrington failed to prove that she had been arrested for identification purposes, she would have failed in supporting the existence of a constitutional violation for which the officers could be held responsible.

■ Arrington charged that the jury's conclusion that the officers lacked probable cause for her arrest constituted an implicit finding that she had been arrested for the single purpose of ascertaining her identity and thus, this court should enter judgment in her behalf. However, the record disclosed that although the jury was requested to determine if Arrington had been arrested without probable cause, the district court did not submit a special interrogatory requiring the jury to determine if Arrington had been arrested for the purpose of ascertaining her identity. Moreover, the jury's finding that the officers did not have probable cause for the arrest was irreconcilably inconsistent with its finding of good faith immunity and thus, expressed some degree of confusion on the part of the jury. Given the absence of a finding reflecting upon the reason for Arrington's arrest and the irreconcilable inconsistencies reflected in the jury's responses to the special interrogatories submitted by the district court, this court cannot equate the jury's response to the probable cause interrogatory to a finding that Arrington was arrested for the purpose of determining her identity. Accordingly, this court concludes that the district court erred in submitting the qualified immunity issue to the jury, that, based on the record before this court, the defendants were not entitled to qualified immunity as a matter of law, and the case should accordingly be remanded to the district court to resolve the reason for Arrington's arrest.

For the reasons stated above, the judgment of the district court is vacated and this matter is remanded to the district court for further proceedings not inconsistent with this opinion.