977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence JONES, Plaintiff-Appellant,
v.
Peter W. VIDOR; Gerald Stiffler; R. Parteet; R. Montalvo;
Meinke, Lt., Defendants-Appellees.
 No. 92-1300.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Clarence Jones is a pro se Michigan prisoner who appeals a summary judgment for the defendants in a civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Jones alleged that the defendants had violated the First and Fourteenth Amendments by restricting his library privileges for misusing library materials. In particular, Jones alleged that the defendants had retaliated against him by charging him with a minor misconduct and by temporarily restricting his access to the library when he typed a grievance on a typewriter that was reserved for preparing legal documents. On January 31, 1992, the district court awarded summary judgment to the defendants. It is from this judgment that Jones now appeals.
 
 
 3
 As an initial matter, we note that the complaint clearly indicates that the defendants were sued in their individual capacity. Thus, the defendants are amenable to damages under § 1983, even though their affidavits indicate that they were acting in an official capacity. "The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." Hafer v. Melo, 112 S.Ct. 358, 365 (1991).
 
 
 4
 Nevertheless, a de novo review of the record indicates that the defendants were protected by qualified immunity. Before granting qualified immunity, the courts must decide 1) whether the plaintiff has identified a clearly established right that is alleged to have been violated and 2) whether a reasonable official in the defendants' position should have known that the alleged conduct was undertaken in violation of that right. Johnson v. Estate of Laccheo, 935 F.2d 109, 111 (6th Cir.1991). In the present case, the district court properly found that Jones had not alleged the violation of a constitutionally protected right. See Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991). As noted by the court, state officials are not required to provide prisoners with typewriters to facilitate their access to the courts. Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir.1978) (per curiam). Jones has not suggested any reason for deviating from this rule when access is sought to an executive agency rather than the courts. The court also properly found that Jones's retaliation claim was wholly conclusory. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 5
 Jones's argues that the prehearing restriction of his library privileges violated due process because a state regulation gave him a protected liberty interest in continued access to the library. To do so, the regulation must use mandatory language in connection with specific substantive predicates to place substantive limitations on official discretion. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The disputed regulation states in pertinent part as follows:
 
 
 6
 Legal materials shall be made reasonably available to all prisoners, except that the department may place restrictions on a prisoner's library privileges for misuse. A prisoner accused of misusing legal materials shall be entitled to a hearing pursuant to R 791.3315 before library privileges may be restricted.
 
 
 7
 Mich.Admin.Code r. 791.6691(2). The district court properly held that a protected liberty interest was not created by this regulation insofar as it places procedural rather than substantive limitations on the discretion of prison officials. See Olim, 461 U.S. at 250. Moreover, absent a loss of good time, the placement of a prisoner in more restrictive conditions of confinement requires only minimal procedural safeguards. Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988). In the present case, due process was satisfied because Jones was afforded notice and an opportunity to be heard within a reasonable time of the disputed administrative action. See Hewitt, 459 U.S. at 472; Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.