2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eanos Earl HUNT, Plaintiff-Appellant,
Raymond Roger Jones, Plaintiff,
v.
Jeff REYNOLDS, Commissioner, Tennessee Department of
Corrections; David Mills, Warden, Morgan County Regional
Correctional Facility; Bobby Walls, Unit Manager; Jewell
Taylor; Charles Butterini, Defendants-Appellees,
Bill Jones, Defendant.
 No. 93-5349.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Eanos Earl Hunt, a pro se Tennessee prisoner, appeals a district court judgment enjoining defendants from housing him with smokers, but denying him monetary relief against the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Hunt and another inmate (Jones) sued various officials and employees of the Tennessee Department of Corrections. In their complaint, they did not specifically state the capacity in which they sued the defendants, although they sought damages from the defendants "separately and individually." They alleged that the defendants violated their right to be free from cruel and unusual punishment when they deliberately ignored their requests for non-smoking cellmates, thus exposing them to environmental tobacco smoke (ETS) for most of each day. Both plaintiffs alleged medical conditions which were exacerbated by their constant exposure to ETS.
 
 
 4
 After both parties filed motions for summary judgment, the district court granted summary judgment in favor of the defendants and dismissed the case. On appeal, this court reversed and remanded for further proceedings. See Hunt v. Reynolds, 974 F.2d 734, 736 (6th Cir.1992).
 
 
 5
 Upon remand, the district court dismissed Jones's lawsuit but granted Hunt's summary judgment motion, and enjoined defendants from housing him with smokers. However, the district court found the defendants were entitled to qualified immunity from monetary damages. Hunt filed a timely appeal from this judgment and no appeal was filed by Jones.
 
 
 6
 On appeal, Hunt continues to argue that non-smoking inmates should not, as a matter of course, be housed with inmates that smoke. He also argues that the defendants have not complied with the district court order to house him with non-smokers and that the defendants should not be entitled to qualified immunity. He requests the appointment of counsel and oral argument.
 
 
 7
 Upon review, we affirm the district court's judgment. Because Hunt did not specifically name the state defendants in their individual capacities, and the actions complained of were taken during the course of their official duties, the defendants are not subject to suit under Sec. 1983 for monetary damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 8
 To the extent that Hunt's complaint can be construed as having been brought against the defendants in their individual capacities, then the district court properly found that the defendants are entitled to qualified immunity from monetary relief. See Johnson v. Estate of Laccheo, 935 F.2d 109, 111 (6th Cir.1991). In light of the case law from this circuit at the time the alleged constitutional violations occurred, the defendants did not violate any clearly established constitutional right of Hunt. See Anderson v. Creighton, 483 U.S. 635, 640 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).
 
 
 9
 Lastly, it should be noted that in his brief, Hunt alleges that the defendants have not complied with the district court's order to house him with a non-smoking inmate. As the defendants are obliged to comply with the district court's order, the proper course of action would be for Hunt to file a motion for compliance or sanctions in the district court addressing this issue.
 
 
 10
 Accordingly, we deny his request for oral argument and counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation