16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David Lee CARTER, Plaintiff-Appellant,
v.
Michael DUTTON, Defendant-Appellee.
 No. 93-5703.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 David Lee Carter, a pro se Tennessee prisoner, appeals a district court order granting summary judgment in favor of defendant thereby dismissing plaintiff's complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking a declaratory judgment, injunctive relief and monetary damages, Carter complained that his fundamental right to marriage was violated by the Tennessee Department of Corrections' (TDOC) inmate marriage policy. He named the warden of Tennessee's Riverbend Maximum Security Institution as the defendant.
 
 
 4
 The policy at issue required that the inmate apply for permission to marry, wait one year and complete three marriage counseling sessions. Carter claimed his right to marry a "free-world" citizen was being denied in violation of the standard set out in Turner v. Safley, 482 U.S. 78, 84-91 (1987) (inmate marriage regulation ruled invalid as an exaggerated response to the claimed security objectives). More specifically, Carter challenged the constitutionality of the TDOC regulation requiring a one-year waiting period and alleged that he was being denied the right to marry as a result of defendant Dutton's racial prejudice.
 
 
 5
 The parties filed competing motions for summary judgment. The case was submitted to a magistrate judge who concluded that Carter's claims for declaratory and injunctive relief were moot and found that the TDOC marriage policy was constitutionally invalid. Accordingly, the magistrate judge recommended that Dutton's motion for summary judgment with respect to Carter's claims for declaratory and injunctive relief be granted and that Carter's motion for summary judgment with respect to his monetary damage claim be granted.
 
 
 6
 The district court adopted the magistrate judge's report and recommendation in part and rejected it in part. The court agreed that Carter's claims for declaratory and injunctive relief were rendered moot by his intervening marriage. The court also agreed that the waiting period policy was an unconstitutional restriction on Carter's right to marry. However, the court determined that Warden Dutton was entitled to qualified immunity on the claim for monetary damages. Therefore, the court granted Dutton's motion for summary judgment with regard to Carter's claims for declaratory, injunctive and monetary relief, and denied Carter's motion for summary judgment. Carter appeals the order granting Dutton's motion for summary judgment.
 
 
 7
 On appeal, Carter argues that his complaint was one for racial discrimination, that the district court erred in holding that defendant was entitled to qualified immunity, and that it was error to deny his motion for summary judgment.
 
 
 8
 This court reviews de novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Upon review, we find no error.
 
 
 9
 Carter's claim of racial discrimination has been waived. A party who does not file timely objections to a magistrate judge's report and recommendation after being advised to do so waives his right to appeal pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Carter did not object to the magistrate judge's finding, and an order was entered on March 13, 1992, dismissing the claim of racial discrimination as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 10
 Additionally, defendant Dutton is entitled to qualified immunity from Carter's claim for monetary damages. Generally, officials who perform discretionary functions have qualified immunity from individual liability for damages that have resulted from the official's exercise of the discretionary function. See Johnson v. Estate of Laccheo, 935 F.2d 109, 111 (6th Cir.1991). Whether an official is protected by qualified immunity turns on the "objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time the action was taken. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982) (right in question must have been "clearly established" and must have been the sort that a "reasonable person" would have known about).
 
 
 11
 Generally, in order for a right to be "clearly established," a district court must find binding precedent by the Supreme Court, its court of appeals, or itself. Ohio Civil Service Employees Ass'n v. Seiter, 858 F.2d 1171, 1177 (6th Cir.1988). In the immediate case, it is uncontested that an inmate has a fundamental right to marry. The underlying issue is to what extent an inmate's marriage may be controlled by the state; and upon that issue there is no binding precedent. Even the case which clearly established a prisoner's right to marry provides that "[t]he right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration." Turner v. Safley, 482 U.S. at 95. Warden Dutton did not have the benefit of any binding judicial opinions clearly establishing the unconstitutionality of the TDOC's one-year waiting period. He is entitled to qualified immunity, and summary judgment in his favor is not in error.
 
 
 12
 Finally, the district court did not err by denying Carter's motion for summary judgment. Carter moved for summary judgment alleging that Warden Dutton's approval of Carter's waiver after he filed this lawsuit amounted to an "implied admission" of wrongdoing. The district court found no merit in Carter's argument. We agree.
 
 
 13
 Accordingly, the district court order granting defendant Dutton's motion for summary judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum entered on May 10, 1993.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation