51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen BROOKS, Individually and as Administratrix for the
Estate of Jacques Q. Brooks, Deceased, Plaintiff-Appellee,
v.
William SNEED, Defendant-Appellant,
The Metropolitan Government of Nashville and Davidson
County, Defendant.
 No. 93-6259.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant William G. Sneed appeals the district court's order denying his motion for summary judgment on qualified immunity under 42 U.S.C. Sec. 1983 and state law claims.
 
 
 2
 For the reasons stated below, we affirm the decision of the district court.
 
 I.
 
 3
 On March 13, 1990, Sneed, a Nashville police officer, answered a call to intervene in a domestic dispute between Jacques Q. Brooks and her uncle, Freddie Swope. Jacques Brooks, physically disabled and slightly retarded, was living with her mother, Plaintiff Helen Brooks, and Swope. While the seriousness of the altercation between Jacques Brooks and Swope is not clear, nevertheless Brooks pursued Swope with a ten-inch kitchen knife. Swope took the knife away from her. Jacques Brooks then called the police and requested assistance because she was having a fight with Swope.
 
 
 4
 When Officer Sneed arrived at the Brooks home, Jacques Brooks approached his squad car. The content of the verbal exchange between Sneed and Brooks is unclear. More importantly, there are disputed facts relating to whether Brooks possessed a knife, whether she raised a knife against Sneed, and whether Sneed acted reasonably in shooting Brooks. In any event, Sneed indisputably fired five shots from his pistol at Brooks and killed her.
 
 
 5
 Helen Brooks subsequently brought suit against Sneed and his employer, the Metropolitan Government of Nashville and Davidson County. Brooks alleged that Sneed unlawfully deprived Jacques Brooks of her Fourth and Fourteenth Amendment rights and is thus liable under 42 U.S.C. Sec. 1983. Brooks further alleged that the constitutional violations were caused by Metropolitan's inadequate training and supervision. Finally, Brooks alleged state law claims against Sneed for assault, battery, outrageous conduct, negligence, and gross negligence. On August 24, 1992, the district court denied the defendants' motions for summary judgment on the Sec. 1983 claim, but granted their motion to dismiss the state law claims. Sneed appeals the denial of his motion for summary judgment on the Sec. 1983 claim, asserting the doctrine of qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).
 
 II.
 
 6
 Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). We review the denial of a motion for summary judgment under qualified immunity de novo. See Yates v. Cleveland, 941 F.2d 444, 446 (6th Cir.1991). In regard to a summary judgment determination of qualified immunity, a plaintiff must pass two hurdles: "First, the allegations must state a claim of the violation of clearly established law. Second, the plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant in fact committed the acts that violated the law." Adams v. Metiva, 31 F.3d 375, 386 (6th Cir.1994) (citations omitted).
 
 
 7
 Sneed argues that the district court should have dismissed Brooks' claim against him since his use of deadly force was reasonable under the circumstances. However, whether Sneed acted reasonably in using deadly force is not the issue of the present appeal. Rather, the issue is whether the district court properly denied Sneed's summary judgment motion on the issue of qualified immunity. After reviewing the record, we find that a genuine issue of material fact existed regarding Sneed's claim for qualified immunity and, therefore, the district court's decision was proper.
 
 
 8
 In deciding whether qualified immunity applies in this case, this court must determine whether, at the time of the alleged seizure, an objectively reasonable officer could have believed that the defendant officer's conduct was constitutional in light of the clearly established law and the information the officer possessed at the time the incident occurred. Adams, 31 F.3d at 387. The Fourth Amendment right to be free from unreasonable seizures, California v. Hodari D., 499 U.S. 621, 624-25 (1991), and the use of excessive force, Graham v. Connor, 490 U.S. 386, 392-93 (1989), were clearly established. Thus, the issue is whether there is sufficient evidence indicating that Sneed acted in a manner that was objectively unreasonable in light of this clearly established right. Qualified immunity applies if a "reasonable police officer [would] have reasonably believed that [his conduct i]s lawful." Johnson v. Estate of Laccheo, 935 F.2d 109, 112 (6th Cir.1991). Specifically, "[i]f a reasonable officer could have found probable cause to believe that [Jacques Brooks] presented a serious threat of personal harm at the time that [Sneed] pulled the trigger, then as a matter of law, [Sneed] is entitled to qualified immunity." Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir.1991).
 
 
 9
 The district court properly refused Sneed's motion for summary judgment because material factual disputes remain as to whether a reasonable officer would have had probable cause to believe that Jacques Brooks presented a serious threat of personal harm to Sneed when Sneed shot Brooks. Specifically, the parties dispute whether and to what extent Brooks threatened Sneed with the knife. Moreover, even if this court assumed that Brooks raised the knife toward Sneed, it remains unclear whether the facts giving rise to Sneed's fear were such that a reasonable officer could have, as a matter of law, found probable cause to believe that Jacques Brooks presented a serious threat of personal harm. For these reasons, the district court correctly determined that genuine issues of material fact remained regarding Sneed's claim of qualified immunity.
 
 
 10
 In so deciding, this court does not hold that Sneed is not entitled to summary judgment after discovery. Rather, we hold only that the district court correctly determined that Sneed was not entitled to summary judgment on the issue of qualified immunity under the facts most favorable to the plaintiff.
 
 
 11
 Finally, the district court indicated that Sneed's subjective intent was material to the issue of whether Sneed acted reasonably when he responded to Brooks with deadly force. This, however, is a misstatement of the law. The test is not whether Sneed subjectively believed himself to be in danger of serious harm, but whether it was objectively reasonable for Sneed to react to Brooks with deadly force. Adams, 31 F.3d at 387; Johnson, 935 F.2d at 112. Upon remand, the district court should consider the case under this objective standard.
 
 
 12
 AFFIRMED.