Michael MURPHY, Appellant,

v.

**Denis DOWD; Missouri Department of Corrections, Appellees.**

**No. 92–1592.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 13, 1992.

Decided Aug. 28, 1992.

**436**

Appellant was not represented by counsel.

Robert J. Krehbiel, Evans & Dixon, St. Louis, Mo., argued, for appellees.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Michael Murphy, a Missouri inmate previously incarcerated at the Farmington Correctional Center (FCC), appeals the district court's[1] grant of summary judgment for defendant Denis Dowd, superintendent of FCC, in this action brought under 42 U.S.C. § 1983. We affirm.

While confined at FCC in 1989, Murphy, pro se, filed a complaint against Dowd alleging that he was being involuntarily exposed to environmental tobacco smoke (ETS) in violation of the Eighth Amendment prohibition of cruel and unusual punishment and the Fourteenth Amendment guarantee of due process. In support of his complaint, Murphy cited a 1986 report by the Surgeon General of the United States. Murphy also alleged that he was being involuntarily exposed to an audio assault of degrading filth and violence that promotes murder, suicide, and satanic practices from televisions and radios being played by other inmates at high volumes in violation of a prison rule mandating that headphones be used when listening to televisions and radios. Murphy sought injunctive relief and monetary damages, and he demanded a jury trial. Murphy's claims for equitable relief were dismissed as moot because he was transferred from FCC; those claims are not before us on this appeal.

The district court concluded that Murphy could not maintain a separate cause of action against Dowd based on the Fourteenth Amendment because that claim was subsumed by his Eighth Amendment claim of cruel and unusual punishment, citing *Whitley v. Albers*, 475 U.S. 312, 326–27, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986) (in context of a claim of excessive force, the due process clause of the Fourteenth Amendment affords prisoner no greater protection than the cruel and unusual punishment clause of the Eighth Amendment), and *Clemmons v. Bohannon*, 918 F.2d 858, 869 (10th Cir.1990) (prisoner's claim that involuntary exposure to ETS violated his due process rights under Fourteenth Amendment was effectively subsumed within his Eighth Amendment claim), *vacated on other grounds*, 956 F.2d 1523 (10th Cir.1992) (en banc). The district court also concluded that Dowd is entitled to qualified immunity because the "contours of the right [to be free from ETS are not] sufficiently clear that a reasonable official would understand that what he is doing violates that right" and the unlawfulness of denying someone the right to be free from ETS is not apparent, citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The district court interpreted Murphy's headphone claim as a complaint about the content of the noise generated by the TVs, not about the decibel level of the noise. The district court concluded that this claim failed because Murphy had no clearly established right to be protected from speech that was offensive to him. On appeal, Murphy argues that his constitutional right to be free from the adverse affects of ETS existed in 1988 and Dowd is not entitled to qualified immunity against either the ETS or the noise claim.

We review the grant of summary judgment de novo. *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992). This court has not yet decided whether a prisoner's involuntary exposure

---

**1.** The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report of the Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri.

to ETS constitutes cruel and unusual punishment. The other courts that have addressed the issue are split. *Compare McKinney v. Anderson,* 959 F.2d 853 (9th Cir.1992) (it is cruel and unusual punishment to house a prisoner in an environment that exposes him to ETS at such levels and under such circumstances that it imposes an unreasonable risk of harm to his health), *cert. granted sub nom. Helling v. McKinney,* —— U.S. ——, 112 S.Ct. 3024, 120 L.Ed.2d 896 (1992), *with Clemmons v. Bohannon,* 956 F.2d 1523, 1527 (10th Cir. 1992) (en banc) (the potentially serious carcinogenic effects of ETS do not constitute the kind of actual personal health problem that earlier cases found violative of the Eighth Amendment) and *Wilson v. Lynaugh,* 878 F.2d 846, 852 (5th Cir.1989) (at this time, absent a significant change in the law or the emergence of new legal conditions, a prisoner fails to state a claim for involuntary exposure to ETS), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989). In *Steading v. Thompson,* 941 F.2d 498 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1206, 117 L.Ed.2d 445 (1992), the Seventh Circuit held that mere exposure to ETS alone cannot constitute cruel and unusual punishment because smoke is not "punishment," but prisoners who can show a relationship between the emergence or aggravation of a medical condition and exposure to ETS are entitled to appropriate medical treatment, which may include removal from places where smoke hovers. *Id.* at 499–500. The Seventh Circuit relied on *Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), to hold that Steading failed to establish the subjective component of his claim: that defendant acted with deliberate indifference to his exposure to ETS. According to the Seventh Circuit, it is next to impossible for a prisoner to prove such a claim because prison officials who allow inmates to smoke "could not plausibly be accused of reaching this decision because they hope the smoke will injure other prisoners." *Steading,* 941 F.2d at 500. Thus, *Wilson* establishes a hurdle difficult to clear.

Assuming, without deciding, that a prisoner's involuntary exposure to ETS can state a constitutional claim, we conclude here that the district court properly granted Dowd summary judgment on the basis of qualified immunity. Dowd is not required to guess how the law will be decided in the future, and at the time he assigned Murphy to a cell with a smoking cellmate, there was no clearly established constitutional right to be free from exposure to ETS. After carefully considering the entire record, we reject Murphy's excessive noise argument as meritless.

Accordingly, we affirm.