14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne Earl LaFOUNTAIN, Plaintiff-Appellant,
v.
Richard JOHNSON, Warden, OTF Prison Facility, Defendant-Appellee.
 No. 93-1504.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Wayne LaFountain, a pro se Michigan prisoner, appeals a district court judgment dismissing his case filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of filing suit, the plaintiff was incarcerated at the Carson City Temporary Facility ("OTF"). The defendant, Richard Johnson, is the warden of OTF and was sued in his individual capacity. The plaintiff alleged that, upon his arrival at OTF, there was no non-smoking housing unit. The plaintiff alleged that, because of his exposure at OTF to environmental tobacco smoke ("ETS"), he experienced an increase in the frequency of sinus-related headaches, of watering eyes, and of troubled breathing. The plaintiff also alleged that his exposure to ETS may result in lung disease, heart disease, and, ultimately, death. The plaintiff alleged violations of the Eighth and Fourteenth Amendments.
 
 
 3
 Soon after his arrival at OTF, the plaintiff was employed at Michigan State Industries ("MSI"). Those prisoners working for MSI were housed in F-Unit. The plaintiff proposed that a non-smoking unit be setup at OTF, and, in support, the plaintiff gathered the signatures of 130 of his fellow prisoners. The plaintiff alleged that the defendant agreed to designate E-Unit as a non-smoking unit. According to the plaintiff, however, the defendant disqualified the non-smoking prisoners residing within F-Unit from assignment to E-Unit. In response, the plaintiff proposed that the non-smokers within F-Unit be assigned to bed space located in the back of F-Unit where, allegedly, the amount of tobacco smoke was less dense.
 
 
 4
 According to the plaintiff, the defendant rejected this proposal, but indicated that any non-smoking prisoner who wished to reside within the non-smoking E-Unit could do so but that they must quit their job at MSI. According to the plaintiff, the warden did decide to establish non-smoking "bays or cubes" in the front of F-Unit. This area, however, was alleged to have the highest concentration of ETS. Subsequently, the plaintiff filed suit seeking declaratory and injunctive relief and monetary damages.
 
 
 5
 After various proceedings, the district court determined that, in light of Hunt v. Reynolds, 974 F.2d 734 (6th Cir.1992), the plaintiff had failed to state a cause of action upon which relief could be granted as the plaintiff had not alleged a sufficiently serious medical need requiring housing in a smoke-free environment. Alternatively, the district court determined that, even if the plaintiff suffered from a serious medical need, the plaintiff's admission that a non-smoking unit was available to him provided that he quit his job at MSI was sufficient to defeat his claims.
 
 
 6
 This court's review of a district court's dismissal of a cause of action pursuant to Fed.R.Civ.P. 12(b)(6) is de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Only the pleadings are to be considered, and all well-pleaded facts must be accepted as true. Jackson v. Richards Medical Co., 961 F.2d 575, 577-78 (6th Cir.1992).
 
 
 7
 When rendering its opinion, the district court did not have the benefit of the Supreme Court's decision in Helling v. McKinney, 113 S.Ct. 2475 (1993). In Helling, the Supreme Court held "[t]hat the Eighth Amendment protects against future harm to inmates...." Id. at 2480. To establish an Eighth Amendment violation based upon exposure to ETS, the plaintiff "must show that he himself is being exposed to unreasonably high levels of ETS." Id. at 2482. That exposure must be shown to be "contrary to current standards of decency ... and that prison officials are deliberately indifferent to his plight." Id. at 2481.
 
 
 8
 Under the standards set forth in Helling, the plaintiff has stated a cause of action upon which relief can be granted. Specifically, although it is questionable that the present medical needs of the plaintiff are serious enough to state a cause of action, he clearly pleaded that his future health was being unreasonably endangered by his forced exposure to ETS and that this exposure was the result of the defendant's deliberate indifference. Moreover, we cannot affirm based upon the district court's alternative holding as the plaintiff submitted to the district court the affidavit of a fellow prisoner residing within E-Unit who stated that E-Unit, although designated as a non-smoking unit, housed smoking inmates and that smoking was actively pursued by both the prisoners and the guards. If true, the choice of retaining MSI employment or being housed in a non-smoking unit was illusory.
 
 
 9
 Although the plaintiff's transfer to another facility has rendered moot his request for injunctive relief, it has not rendered moot his request for monetary damages.
 
 
 10
 Accordingly, the judgment of the district court is vacated, and the case is remanded for further consideration. Rule 9(b)(3), Rules of the Sixth Circuit.