21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Merlin A. HAGEN, Appellant,
v.
D.W. TATE, Captain, Cummins Unit, Arkansas Department of
Correction; Mr. Kitchell, Maintenance Supervisor,
Arkansas Department of Correction, Appellees.
 No. 93-3464.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1994.
Filed: April 13, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Merlin Hagen, an Arkansas inmate, appeals from the magistrate judge's[1] order granting summary judgment in favor of Captain D.W. Tate and Hugh L. Kitchens in this 42 U.S.C. Sec. 1983 action. Hagen alleged that defendants subjected him to "cruel treatment" when they renovated his housing facility (14 barracks) for tighter security, subjecting him to "smoke inhalation and other effects of the welding" that caused him to experience dizziness, headaches, and breathing problems.
 
 
 2
 We review de novo the grant of summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Hagen did not dispute defendants' attestations that they were concerned about the effects of the construction work, that they took steps to cut down on the noise and smoke, that they moved the prisoners to tiers where work was not in progress, and that Tate moved Hagen to a different housing facility the same day he talked with Hagen about his complaints. Thus, Hagen failed to create a genuine issue of material fact as to whether defendants' actions amounted to deliberate indifference. See Wilson v. Seiter, 111 S. Ct. 2321, 2324-26 (1991). Hagen also did not show that the deprivation was sufficiently serious to rise to the level of an Eighth Amendment violation. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The record does not support his assertion that he suffered an injury due to the conditions. See Helling v. McKinney, 113 S. Ct. 2475, 2482 (1993) (stating that risk must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk"); Wilson, 111 S. Ct. at 2324; Murphy v. Dowd, 975 F.2d 435, 437 (8th Cir. 1992) (per curiam) (rejecting excessive noise argument as meritless), cert. denied, 113 S. Ct. 1310 (1993).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)