72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne KING, Plaintiff-Appellant,
v.
Vincent BRANSON; Carla J. Harrison; Anthony Codogan,
Defendants-Appellees.
 No. 94-4281.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge and DOWD,* District Judge.
 
 ORDER
 
 2
 Wayne King appeals pro se from a district court judgment dismissing a civil rights case that he had filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 King alleged that the defendants violated his constitutional rights under the Eighth Amendment by forcing him to share cells with inmates who smoked, even though it exacerbated his bronchial asthma. On August 4, 1994, the district court granted partial summary judgment to the defendants, after finding that they were entitled to qualified immunity insofar as King's claims arose before they received medical reports which indicated that he should not be celled with smokers. On October 21, 1994, a jury verdict was entered for the defendants on King's remaining claims. King now appeals, moving for the appointment of counsel on appeal.
 
 
 4
 King first argues that the district court erred by granting partial summary judgment to the defendants. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Before awarding summary judgment on the basis of qualified immunity the courts must decide whether the plaintiff "has identified a clearly established right alleged to have been violated" and whether reasonable officials in the "defendants' position should have known that the conduct at issue was undertaken in violation of that right." Johnson v. Estate of Laccheo, 935 F.2d 109, 111 (6th Cir.1991).
 
 
 5
 When King's claims arose, he did not have a clearly established right to be celled with a non-smoker in the absence of facts which indicated that he had a serious medical need for a smoke-free cell. See Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992). Since King did not have a firmly established right to being celled away from ambient tobacco smoke, the defendants were properly afforded qualified immunity for housing him with inmates who smoked, at least until they received medical advice to the contrary. See Murphy v. Dowd, 975 F.2d 435, 437 (8th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1310 (1993).
 
 
 6
 King also raises several arguments regarding the district court's evidentiary rulings at trial. These rulings are reviewed for an abuse of discretion. See Bowman v. Koch Transfer Co., 862 F.2d 1257, 1262 (6th Cir.1988). An abuse of discretion does not exist unless the reviewing court is firmly convinced that a mistake has been made, and a new trial will not be granted unless the disputed evidentiary ruling changed the outcome of the proceeding. Polk v. Yellow Freight Sys., Inc., 876 F.2d 527, 532 (6th Cir.1989).
 
 
 7
 A review of King's arguments shows that the district court did not abuse its discretion here. King first argues that the court erred by admitting documents that had not been submitted to his counsel until the Friday before trial. However, King has not shown that this ruling adversely affected his substantial rights as required by Fed.R.Evid. 103(a), and there is no indication that the defendants acted in bad faith by not submitting the documents sooner. He next argues that the court erred by allowing testimony which indicated that there was a written policy that placed restrictions on the transfer of new inmates to different cells. This argument is unavailing because King has not shown that the disputed testimony changed the outcome of his trial. See Polk, 876 F.2d at 532. King also argues that the court erred by admitting the testimony and medical reports of Dr. James McWeeney, as he was not qualified as an expert witness. However, Dr. McWeeney did not testify as an expert, and his personal observations regarding King's condition were clearly relevant.
 
 
 8
 In his reply brief, King argues that Dr. McWeeney was biased because King had filed other civil actions against him. We will not reach this argument because King did not raise it in his initial brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 9
 Finally, King argues that the district court's instructions were erroneous because the court advised the jury that he could not prevail unless they found that the defendants had ignored a medical order. King is not entitled to a new trial "unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." Bowman, 862 F.2d at 1263. A new trial is not required here because the trial court properly instructed the jury that they should return a verdict for King if they found that he had a serious medical need which precluded his being celled with smokers and that the defendants had been deliberately indifferent to this need. When read as a whole, the court's instructions adequately stated the controlling law regarding King's claim. See Murphy, 975 F.2d at 437; Hunt, 974 F.2d at 735.
 
 
 10
 Accordingly, King's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation