76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne Earl LaFOUNTAIN, Plaintiff-Appellant,
v.
Richard JOHNSON, Warden, OTF Prison Facility, Defendant-Appellee.
 No. 95-1408.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1996.
 
 Before: KEITH, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 Wayne Earl LaFountain, a pro se Michigan state prisoner, appeals the judgment for defendant in this civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 LaFountain filed a claim for declaratory, injunctive and monetary relief against the warden of the Carson City Temporary Facility, alleging that his Eighth Amendment rights had been violated during his stay at the facility from March to September 1991, by his exposure to environmental tobacco smoke. LaFountain also alleged that he had been denied placement in a non-smoking dormitory in violation of his equal protection rights. The district court dismissed the complaint for failure to state a claim. On appeal, this court vacated the claim for monetary damages and remanded for further consideration in light of Helling v. McKinney, 113 S.Ct. 2475 (1993). LaFountain v. Johnson, 1993 WL 503755 (6th Cir.1993).
 
 
 3
 On remand, a magistrate judge recommended that summary judgment be granted to the defendant on the ground of qualified immunity. LaFountain objected that the defendant had not raised qualified immunity as a defense. The magistrate judge relied on a motion for summary judgment filed on behalf of the defendant in another of LaFountain's cases pending before him, in which this same claim, among others, had been raised. The district court agreed that the recommendation was premature, and ordered the defendant to file a dispositive motion by August 25, 1994. No pleadings were filed by the defendant, and LaFountain moved for an entry of default. Default was entered on December 21, 1994. The following day, defendant moved to set aside the default on the ground that this case file had been misplaced during a move of the attorney general's office. The default was set aside. Defendant then filed a dispositive motion based on qualified immunity. The district court granted the motion, adopting the reasoning of the earlier magistrate judge's report. On appeal, LaFountain argues that his equal protection claim was ignored, the default should not have been set aside, defendant waived the qualified immunity defense by not raising it in his initial motion to dismiss, and defendant was not entitled to qualified immunity.
 
 
 4
 Upon careful consideration, we reject the arguments raised on appeal and affirm the district court's judgment. LaFountain's complaint did not state a valid equal protection claim, as he did not allege membership in a protected class. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). The entry of default was properly set aside, as there was no prejudice to the plaintiff, a meritorious defense existed, and the delay was explained by conduct that showed no disregard for the judicial proceedings. See Shepard Claims Service, Inc. v. William Darrah & Assocs., 796 F.2d 190, 195 (6th Cir.1986). The defense of qualified immunity was not waived in this case, where the complaint was initially dismissed for failure to state a claim, but was remanded for consideration of intervening law. Under these circumstances, raising the defense of qualified immunity after remand was proper. Cf. English v. Dyke, 23 F.3d 1086, 1091 (6th Cir.1994) (failure to raise qualified immunity defense in pre-answer motion does not amount to waiver).
 
 
 5
 On the merits of the case, the judgment for defendant on the basis of qualified immunity was proper, as the law with regard to prisoners' exposure to environmental tobacco smoke was not clearly established at the time of his alleged actions. See Murphy v. Dowd, 975 F.2d 435, 437 (8th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1310 (1993). The law in this circuit in 1992 recognized an Eighth Amendment claim only where the plaintiff showed a serious medical need for a smoke-free environment. See Hunt v. Reynolds, 974 F.2d 734, 736 (6th Cir.1992). Not until 1993 did the Supreme Court recognize that a claim might be stated based on a potential threat to future health due to exposure to smoke. Helling, supra. The acts alleged by the defendant in this case occurred in 1991.
 
 
 6
 Accordingly, the judgment for the defendant is affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.