79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee VAUGHN, Jr., Plaintiff-Appellant,
v.
James ROWLAND; Eddie Ylst; I. Henry; G. Mueller; M.
Montes; S.L. Hubbard; F.X. Chavez; J.M.
Batchelor, Jr.; E. Terry; R.E.
Kirkland, Defendants-Appellees.
 No. 95-15429.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.**
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Howard Lee Vaughn, Jr., a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Vaughn's 42 U.S.C. § 1983 action. Vaughn alleged that prison officials violated the Eighth Amendment when they failed to correct the defective ventilation system in his housing unit which exposed him to environmental tobacco smoke ("ETS") and various communicable diseases. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995). Summary judgment is appropriate if the opposing party only presents conclusory allegations unsupported by factual data, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), and fails to set forth specific facts which are material to the substantive claim, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 Vaughn contends that the district court erred when it dismissed his Eighth Amendment claim alleging that prison officials knowingly exposed him to ETS and various communicable diseases when they failed to correct the defective ventilation system in his housing unit. This contention lacks merit.
 
 
 5
 Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Wallis, 70 F.3d at 1076. Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. See Farmer, 114 S.Ct. at 1979-80; Wallis, 70 F.3d at 1077.
 
 
 6
 Here, Vaughn has only produced conclusory allegations that defendants subjected him to cruel and unusual punishment by failing to correct the alleged defective ventilation system in his housing unit. In contrast, defendants submitted several declarations to support their motion for summary judgment. First, Mr. Samuel, an associate mechanical engineer with the California Department of Corrections, inspected the building's heating and ventilation system, air inflow and outflow vents, and filter system and found no defects. Second, Dr. Thor, the chief medical officer of the prison, reviewed Vaughn's medical file and found that Vaughn had never "suffered from any illness or injury that could be attributed to the ventilation system or second hand tobacco smoke." Dr. Thor also found that Vaughn had never complained of catching a cold, flu, or other illness from inmates housed in his building unit and that "[t]here has not been a[ ] mass outbreak of any disease within Building 22 at any time while plaintiff has been incarcerated there or for any other period of time."
 
 
 7
 Third, Mr. Morton, a former correctional counselor at the prison, stated that Vaughn chose not to move to a nonsmoking dorm to avoid exposure to any ETS. Vaughn told Morton that the inmates in his building agreed to abide by the prison's smoking policy and that the ventilation system in the building's designated smoking room adequately removed ETS from the smoking room.[1]
 
 
 8
 In sum, Vaughn failed to produce any evidence to support his Eighth Amendment claim and to rebut defendants' contention that Vaughn's claim was meritless.[2] Vaughn's unsubstantiated and sweeping conclusory allegations therefore could not withstand the defendants' motion for summary judgment. See Taylor, 880 F.2d at 1045. Accordingly, the district court's summary judgment was proper. See id.
 
 
 9
 Vaughn also contends that the district court erred by finding that prison officials were entitled to qualified immunity. This contention also lacks merit.
 
 
 10
 Here, Vaughn failed to demonstrate that the law regarding a prisoner's involuntary exposure to ETS was clearly established at the time of the defendants' alleged unconstitutional conduct. See McKinney v. Anderson, 924 F.2d 1500, 1509 (9th Cir.1991) (concluding that qualified immunity barred the inmate's suit seeking damages against prison officials because "[a]t the time defendants acted, there was no clearly established liability for exposing prisoners to ETS") (citations to subsequent history omitted); cf. Murphy v. Dowd, 975 F.2d 435, 437 (8th Cir.1992) (holding that, in light of the split of authority in the circuits regarding prison officials' liability for exposing prisoners to ETS, qualified immunity shielded prison officials from section 1983 suits seeking damages). Thus, the district court properly found that defendants were entitled to qualified immunity. See McKinney, 924 F.2d at 1509.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Effective January 1, 1994, smoking was banned in all state buildings pursuant to the Governor's Executive Order W-42-93. The district court found that the executive order rendered Vaughn's claim for injunctive relief moot. Vaughn challenged this finding by indicating in his opening brief that he was appealing the district court's order in its entirety. Vaughn, however, subsequently abandoned this issue by failing to support it with any argument in his opening brief. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (holding that "[i]ssues raised in a brief which are not supported by argument are deemed abandoned")
 
 
 [2]
 We deny Vaughn's motion to supplement his reply brief with a supporting affidavit, because the affidavit is not part of the district court record and thus, is not properly before us. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990)