

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2009

# Solan v. Ranck

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Solan v. Ranck" (2009). *2009 Decisions*. Paper 1388.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1388

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4571
_____

DAVID SOLAN,
　　　　　　　　　　　　　　Appellant

v.

Ms. RANCK, nee Hursh; LIEUTENANT CLARKSON,
former Lieutenant, FCI Allenwood; MR. BITTENBENDER,
Disciplinary Hearing Officer, FCI Allenwood;
LIEUTENANT SHEPARD, Lieutenant, FCI Allenwood;
MS. LEVI, former Unit 4 Manager, FCI Allenwood;
LT. FELTMAN, SIS Officer, FCI Allenwood;
WARDEN TROY WILLIAMSON, former Warden, FCI
Allenwood; all other unnamed FCI Allenwood
correctional personnel, currently unknown to
Plaintiff, who either participated
in the 6/10/05 attack on Plaintiff, and/or who
participated after in retaliatory measures against
Plaintiff to punish, dissuade, or
sabotage him; all in their individual capacities

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-CV-00049)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2009

Before: McKEE, HARDIMAN and ROTH, Circuit Judges

(Opinion filed : May 8, 2009)

_____

OPINION

_____

PER CURIAM

Pro se appellant David Solan, currently an inmate at FCC-Petersburg, Petersburg, Virginia, filed a civil rights action for various events occurring while he was an inmate at FCI-Allenwood, White Deer, Pennsylvania.  He appeals the decisions of the District Court granting summary judgment in favor of the Defendant-Appellees as to all claims and denying him both injunctive relief and permission to amend his complaint.[1]

I

Solan alleges that in June 2005, while he was an inmate at FCI-Allenwood, the prison was placed on lockdown following a riot.  Two days after the riot, the prison restored limited access to showers and prisoners were given between four and five minutes each to use the showers.  Solan claims that although he complied with the time

_____

[1]    We have jurisdiction pursuant to 28 U.S.C. § 1291.  We may affirm on any grounds supported by the record.  See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the non-moving party.  Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).  We apply the same standard that governs in district court proceedings, under which a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

2

limitations placed on the showers, he was forcibly removed from a shower stall and, while still nude, dragged to his cell in front of numerous guards, several of whom were female, and at least 100 other prisoners. He does not allege that he suffered physical injuries.

Appellees maintain that Solan did not comply with the restricted shower policy and was walked back to his cell as a result. They concede that his body may have been exposed when he was returned to the cell, but claim that he was permitted to have a towel, which he was simply unable to keep around his waist with his hands cuffed.

Soon after the shower incident, Solan initiated (and subsequently exhausted) administrative remedy procedures. A few days later, he learned that a request to transfer him to USP-Canaan, a new federal prison, had been approved. Solan alleges that this transfer was made in retaliation for filing a complaint. Although the record demonstrates that he was initially recommended for transfer six months prior to the shower incident, Solan alleges that the first transfer recommendation had been abandoned and that the new recommendation was retaliatory. Appellees contend that he had been selected for transfer to the new prison because that institution needed a larger population and Solan is regarded as a non-violent prisoner.

On July 3, 2005, Solan broke his left arm while playing handball. He was taken to the hospital that day, informed that he would have a follow-up appointment on July 7, and returned to the prison. Rather than returning him to his cell, BOP officials placed him in

the Secure Housing Unit (SHU). Solan alleges that the prison has a general policy of returning inmates who leave the prison for brief medical visits back to their assigned cells, and that his placement in SHU was done in retaliation for complaining about the shower incident. Appellees contend that placement in SHU was appropriate because he knew of his upcoming appointment date and that this knowledge posed a security risk.

On July 7, 2005, Solan underwent surgery on his arm. Prior to his departure, he alleges that his unit manager promised to reserve his cell assignment, which included a bottom bunk in a two-man cell. Upon his return to the prison, however, he was reassigned to a dirty top bunk in a six-person cell. Solan refused the bed assignment and was placed in SHU. Following his stay in SHU, Solan was given a bottom bunk in a six-man cell. Solan alleges that the prison has a policy of reserving bunk assignments for inmates who temporarily leave the prison and that his new bed assignment and subsequent SHU confinement are further examples of retaliation. Appellees argue that prison officials tried to reassign Solan his original bed, but that an influx of prisoners from SHU (i.e., prisoners who had been confined since the June riots) resulted in that bed being occupied. Solan's subsequent placement in SHU simply resulted from his refusal to accept the bed offered to him.

II

In granting the Appellees' motion for summary judgment, the District Court concluded that the facts of the shower incident, as alleged by Solan, established an Eighth

4

Amendment violation. Doc. No. 154, 19.[2] However, the court determined that the Defendants are entitled to qualified immunity because the right recognized by the court is not "clearly established." See id. at 23-25.

A defendant is entitled to qualified immunity "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Miller v. Clinton County, 544 F.3d 542, 547 (3d Cir. 2008) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Where there is no binding case law recognizing a constitutional right within a federal circuit, and the extent or existence of such a right is debated among other federal circuits, the right is not "clearly established." See Wilson v. Layne, 526 U.S. 603, 618 (1999); Murphy v. Dowd, 975 F.2d 435, 437 (8th Cir. 1992).[3]

We need not address at this time whether Solan demonstrated a constitutional violation because, assuming arguendo that he did, we agree that the right is not clearly established. As the District Court noted, we have not considered whether a claim alleging mere psychological harm resulting from forced observation of one's nude body implicates the Eighth Amendment. Moreover, those courts which have do not agree. Compare

---

[2]Because Solan did not include an appendix with his brief, references to District Court documents are identified by District Court docket entry numbers.

[3]We note that the United States Supreme Court's recent decision in Pearson v. Callahan, 555 U.S. ___ (2009), which re-examines the two-prong qualified immunity test articulated in Saucier v. Katz, 533 U.S. 194 (2001), does not affect our analysis in the instant case.

Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003) (strip search of male inmate in front of female guards would violate Constitution if conducted to inflict psychological pain), with Somers v. Thurman, 109 F.3d 614, 622-23 (9th Cir. 1997) (psychological harm incurred from cross-gender searches does not implicate Eighth Amendment). Accordingly, summary judgment as to the claim against Ranck, Bittenbender, and Clarkson was appropriate.

III

Solan alleges that Ms. Levi, a former unit manager, and Troy Williamson, the former warden at FCI-Allenwood, violated his First Amendment rights to the extent that they authorized his transfer to USP-Canaan, a move he claims was done in retaliation for his filing a grievance about the shower incident. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. The District Court granted summary judgment as to both Defendants, reasoning that Solan failed to allege either official's personal involvement in his transfer. See Doc. No. 76, 14-16.

We agree with the District Court that Solan failed to allege Ms. Levi's personal involvement in his transfer. His bare allegation that Levi "probably" had something to do with his transfer based on her position of authority fails to set forth facts indicating that

6

Levi personally directed or knew of and acquiesced in his transfer for retaliatory reasons. See Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005).

However, we disagree with the District Court's reasoning as to Warden Williamson. In order to satisfy the "personal involvement" requirement, a § 1983 complaint need only allege the conduct, time, place, and person responsible. See id. at 353 (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980)). Here, Solan argued that Warden Williamson, possessed of the knowledge of Solan's complaint regarding the shower incident, approved of the transfer in retaliation for Solan's protected conduct. See Appellant's Br. at 13-17, 24. "From the facts alleged we can weigh the substantiality of the claim. No more is required." Boykins, 621 F.2d at 80.

Nevertheless, summary judgment in favor of Warden Williamson was appropriate. In order to establish a retaliation claim, a prisoner must show that he engaged in a constitutionally protected activity, that he suffered an adverse action at the hands of prison officials, and that there was a causal link between the two. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Here, Solan has not shown a "causal link between the exercise of his constitutional rights and the adverse action taken against him." Id. Although Solan alleges that Warden Williamson knew of the shower incident and related complaint at the time of the transfer, the record shows that Solan's BP-9 administrative remedy request was received on June 28, 2005, see Exs. 2 and 3 to Doc. No. 1, whereas Solan's transfer was approved on June 24, 2005. See Lavella Decl., ¶¶ 9-12 (Ex. 18 to

7

Doc. No. 117). Solan does not present any other evidence that the warden knew of the incident and/or any staff member's alleged retaliatory motive for the transfer prior to obtaining Solan's BP-9 request. As such, summary judgment as to Warden Williamson was appropriate.

To the extent that Solan's retaliatory transfer implicates other BOP personnel, summary judgment was appropriate for two reasons. First, Solan has not explained how officers Bittenbender, Ranck, Clarkson, Feltman, or Shepard were personally involved in retaliatory conduct. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Second, the Appellees have demonstrated a legitimate penological reason for the transfer: the need to build the prison population at USP-Canaan. See Rauser, 241 F.32 at 333.

IV

Solan claims that following his return from arm surgery, BOP officials assigned him to an improper bunk in a six-person cell, even though he had been promised that he could return to the two-man cell he occupied before the surgery, and that his refusal to accept the reassignment resulted in SHU placement. Solan alleges that this reassignment was made in retaliation for his grievances. Appellees argue that although prison officials try to reassign inmates who return from medical visits to their original cells, such reassignment is not guaranteed and inmates are assigned wherever space is available. We agree that the causation prong of Rauser is not satisfied here, as the evidence – uncontested by Solan – demonstrates that BOP officials actually tried to reassign Solan to

8

his original bed, but that it was unavailable.  <u>See</u> Ex. 16 to Doc. No. 117.  Accordingly, summary judgment as to the retaliatory cell reassignment claim was appropriate.

V

We have reviewed Solan's remaining arguments on appeal and conclude that they are meritless and warrant no further discussion.  Accordingly, and for the foregoing reasons, we will affirm the judgment of the District Court.  In light of this disposition, Solan's "Motion to Compel Medical Care and/or an Extension of Time" is denied.